# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN PAUL TYAHLA,<br><br>                           Plaintiffs,<br>        v.<br><br>CHIPOTLE MEXICAN GRILL, INC,;<br>AL SPECTOR LLC, a New Jersey LLC;<br>ABC CORPORATIONS 1-10;<br>XYZ PARTERSHIPS 1-10;<br>ABC ASSOCIATIONS 1-10;<br>and JOHN DOES (unidentified individuals), 1-10,<br><br>                           Defendants. | **OPINION**<br><br>Civ. No. 2:17-cv-04366 (WHW) (CLW) |

**Walls, Senior District Judge**

       Plaintiff moves to remand this action to state court, arguing that the parties are no longer diverse because of the addition of a new defendant. Decided without oral argument under Federal Rule of Civil Procedure 78, Plaintiff's motion is granted.

## FACTUAL AND PROCEDURAL BACKGROUND

       Plaintiff John Paul Tyalha, a New Jersey citizen, began this action in New Jersey state court, complaining that he was injured at a Chipotle restaurant in Westfield, New Jersey after slipping on ice and snow. Compl. ECF No. 1 ¶¶ 1–2, 14; Not. of Removal, ECF No. 1 ¶ 4; Cert. of Douglas S. Schwartz, ¶ 2. Chipotle removed the action on June 15, 2017, alleging complete diversity and an amount in controversy greater than $75,000. Not. of Removal ¶¶ 6–9.

       The original Defendants were Chipotle Mexican Grill Inc., John Does 1-10, ABC Corporations 1-10, and XYZ Partnerships 1-10. Compl. ¶¶ 2–8. All fictitious defendants were

identified as those who "own, possess, control, and/or are responsible for maintenance of the sidewalks and/or the property where the incident occurred." *Id.*

After limited discovery, Plaintiff identified Al Spector LLC ("Spector") as the landlord of the Chipotle restaurant, and filed a letter requesting leave to file an Amended Complaint naming Spector as a defendant. Letter from Douglas S. Schwartz to M.J. Waldor, ECF No. 9, at 1; Schwartz Cert. ¶¶ 10–12. Plaintiff also stated that because "the defendant to be added is a New Jersey Limited Liability Corporation [*sic*]," Plaintiff intended to file a motion for remand to state court. Schwartz Letter, at 2. Plaintiff submits that pursuant to the terms of the lease, Spector was responsible for "clearing snow and ice from the sidewalk area in front of the premises." Schwartz Cert. ¶¶ 12–13.

Defendant Chipotle did not oppose the request to file an Amended Complaint, and declined to comment on the anticipated motion to remand until it was able to review the amended pleadings. Letter from Justin T. Nastro to M.J. Waldor, ECF No. 10, at 1.

Magistrate Judge Waldor granted leave to file an amended complaint on November 7, 2017. Text Order ECF No. 11. The Plaintiff filed an amended complaint that day, naming Spector as a defendant. Am. Compl. ECF No. 12. The complaint alleges that Spector is a "New Jersey limited liability company, incorporated under the laws of the State of New Jersey and authorized to do business in the State of New Jersey." *Id.* ¶ 6.

That same day, Plaintiff also filed a motion to remand this action, arguing that "the addition of Al Spector LLC, a New Jersey limited liability company as a direct defendant destroys complete diversity." Schwartz Cert. ¶ 18.

On November 27, 2017, Defendant Chipotle filed an answer to the Amended Complaint, and a Crossclaim against Spector. Ans. ECF No. 16. Chipotle denied "knowledge or information

sufficient to form a belief" as to Spector's citizenship. Ans. ¶ 6. On November 29, Spector filed an Answer to the Amended Complaint and Crossclaim, admitting that it is a New Jersey LLC. Ans. ECF No. 17. Spector also filed a Corporate Disclosure Statement that day, which stated: "Defendant, AL Spector LLC is a New Jersey Limited Liability Company. The sole members of AL Spector LLC are Joseph Spector and Marc Spector with one hundred percent ownership interest in defendant's business. Thus AL Spector LLC is a citizen of New Jersey." Corp. Discl. Statement, ECF No. 18, at 2.

Neither Defendant has responded to or opposed the Motion to Remand.

## STANDARD OF REVIEW

This Court has original jurisdiction over matters in which there is complete diversity of citizenship between the parties and the amount in controversy exceeds $ 75,000. 28 U.S.C. § 1332. Complete diversity requires that "no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir 2010) (citing *Exxon Mobil Corp. v. Allapattah Servs.s Inc.*, 545 U.S. 546, 553 (2005). "[T]he citizenship of an LLC is determined by the citizenship of its members." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (quoting *Zambelli*, 592 F.3d at 420).

28 U.S.C. § 1447 provides that, when "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The removing party has the burden of establishing that jurisdiction exists, and removal statutes "are to be strictly construed against removal [with] all doubts . . . resolved in favor of remand." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), cert. denied, 498 U.S. 1085 (1991) (internal citation omitted).

## DISCUSSION

Plaintiff contends that the "addition of AL Spector, LLC, a new jersey limited liability company as a direct defendant destroys complete diversity." Schwartz, Cert. ¶ 18. Plaintiff identifies that Spector is a New Jersey LLC, and that its mailing address is in Westfield, New Jersey. *Id.* ¶¶ 15–16.

Because the citizenship of an LLC is determined by the citizenship of its members, *Lincoln Ben. Life Co.*, 800 F.3d at 105, Plaintiff is incorrect to reference the state of legal organization as the pertinent factor to determine citizenship. However, in its Corporate Disclosure Statement, Spector submits that it is has two members with one hundred percent ownership, and is therefore a citizen of New Jersey. ECF No. 18, at 2.

As indicated, the removing party has the burden of establishing that jurisdiction exists. *Boyer*, 913 F.2d at 11. Neither defendant has put forward any facts or argument to suggest that Spector is diverse from Plaintiff, or that the addition of Spector was improper or fraudulent, and Defendants have therefore failed to meet their burden. The Defendants have not responded to the Motion to Remand, and Spector indicated in its Corporate Disclosure Statement that it has two members with one hundred percent ownership, and that it is therefore a citizen of New Jersey. Although the disclosure statement does not explicitly state that the two members are residents of New Jersey, the removing party has the burden of establishing that jurisdiction exists, and removal statutes "are to be strictly construed against removal [with] all doubts . . . resolved in favor of remand." *Id.*

Because Plaintiffs have adequately alleged that Defendant Spector is a New Jersey citizen and Defendants have not met their burden of establishing complete diversity, Plaintiffs' motion to remand is granted. An appropriate order follows.

Date: 20 December 2017

Hon. William H. Walls
United States Senior District Judge